**Electronically Filed
Intermediate Court of Appeals
CAAP-18-0000372
13-MAY-2019
08:04 AM**

NO. CAAP-18-0000372

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

GALI HUFF, Petitioner-Appellee,
v.
ABRAHAM MARTIN, Respondent-Appellant.

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
HONOLULU DIVISION
(CIVIL NO. 1SS18-1-318)

SUMMARY DISPOSITION ORDER
(By: Fujise, Presiding Judge, Reifurth and Chan, JJ.)

Respondent-Appellant Abraham Martin (Martin), *pro se*, appeals from the denial by the District Court of the First Circuit (district court)[1] of Martin's April 24, 2018 motion for reconsideration of the March 27, 2018 Injunction Against Harassment granted in favor of Petitioner-Appellee Gali Huff (Huff), *pro se*, and against Martin.[2]

_____

[1]     The Honorable Hilary B. Gangnes presided.

[2]     Martin's notice of appeal and opening brief purports to appeal the March 27, 2018 Injunction Against Harassment. However, no party filed a notice of appeal within thirty days after the district court's entry of the Injunction Against Harassment, as required under Hawaiʻi Rules of Appellate Procedure (HRAP) Rule 4(a)(1) for a timely appeal. Furthermore, Martin's April 24, 2018 motion for reconsideration, filed pursuant to District Court Rules of Civil Procedure (DCRCP) Rule 60(b), is not a timely tolling motion that would have invoked the tolling provision in HRAP Rule 4(a)(3) and would have permitted this court to review the district court's granting of the Injunction Against Harassment. Cf. Lambert v. Lua, 92 Hawaiʻi 228, 234, 990 P.2d 126, 132 (App. 1999) ("An [Hawaiʻi Rules of Civil Procedure (HRCP)] Rule 60(b) motion for relief from judgment may toll the period for appealing a judgment or order, but only if the motion is served and filed with ten (10) days after the judgment is entered." (Citation omitted)); Simbajon v. Gentry, 81 Hawaiʻi 193, 196, 914 P.2d 1386, 1389 (App. 1996). Therefore, this court

We note as a threshold matter that Martin's opening brief fails to comply with the provisions of HRAP Rule 28(b), which alone is sufficient to affirm the judgment of the district court. See Kawamata Farms, Inc. v. United Agri Prods., 86 Hawai'i 214, 235, 948 P.2d 1055, 1076 (1997). Nonetheless, due to this jurisdiction's policy of "affording litigants the opportunity 'to have their cases heard on the merits, where possible,'" we proceed to the merits. Marvin v. Pflueger, 127 Hawai'i 490, 496, 280 P.3d 88, 94 (2012) (quoting Morgan v. Planning Dep't, Cty. of Kauai, 104 Hawai'i 173, 180-81, 86 P.3d 982, 989-90 (2004)).

We review a "trial court's ruling on a motion for reconsideration . . . under the abuse of discretion standard." Ass'n of Apartment Owners of Wailea Elua v. Wailea Resort Co., Ltd., 100 Hawai'i 97, 110, 58 P.3d 608, 621 (2002). An abuse of discretion occurs if the trial court has "clearly exceeded the bounds of reason or disregarded rules or principles of law or practice to the substantial detriment of a party litigant." Amfac, Inc. v. Waikiki Beachcomber Inv. Co., 74 Haw. 85, 114, 839 P.2d 10, 26 (1992).

> [T]he purpose of a motion for reconsideration is to allow the parties to present new evidence and/or arguments that could not have been presented during the earlier adjudicated motion. Reconsideration is not a device to relitigate old matters or to raise arguments or evidence that could and should have been brought during the earlier proceeding.

Ass'n of Apartment Owners of Wailea Elua, 100 Hawai'i at 110, 58 P.3d at 621 (quoting Sousaris v. Miller, 92 Hawai'i 505, 513, 993 P.2d 539, 547 (2000)).

In denying Martin's motion for reconsideration, the district court noted that there were "no new facts or law to support reconsideration or new trial." Upon review of Martin's motion for reconsideration, we conclude that Martin indeed did not present any new evidence or arguments that could not have been presented earlier in his initial opposition to the Injunction Against Harassment. We therefore conclude that the district court did not abuse its discretion in denying Martin's

---

has appellate jurisdiction only as to the April 24, 2018 denial of Martin's motion for reconsideration.

motion for reconsideration.

On appeal, Martin also alleges that the district court judge was biased against Martin. The only support Martin provides for this allegation in his opening brief is a reference to the "Notice for Judge Hilary Gangnes to Recuse Herself From Abraham Martin's All Future Cases in the District Court," filed May 14, 2018, after the instant appeal of the district court's denial of Martin's motion for reconsideration had already been filed. In Martin's request for the trial judge to recuse herself, Martin points to no specific source of the trial judge's alleged bias other than circumstantial evidence of the court's adverse rulings. However, Hawai‘i courts have long adhered to the general rule that "standing alone, mere erroneous or adverse rulings by the trial judge do not spell bias or prejudice." Aga v. Hundahl, 78 Hawai‘i 230, 242, 891 P.2d 1022, 1034 (1995) (internal quotation marks, citation, and brackets omitted). We therefore reject this contention on appeal.

Based on the foregoing, we affirm the District Court of the First Circuit's denial of the April 24, 2018 Motion for Reconsideration.

DATED: Honolulu, Hawai‘i, May 13, 2019.

On the brief:

Abraham Nguyen Martin
Pro-Se, Respondent-Appellant.

Presiding Judge

Associate Judge

Associate Judge